UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

BETHANY METCALF

    Plaintiff,

    v.

ALL-IN-ONE SOLUTIONS ENTERPRISE INC.

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BETHANY METCALF ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, ALL-IN-ONE SOLUTIONS ENTERPRISE INC., ("Defendant") to recover overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff was an employee of Defendant from January 2015 through May 2015. Plaintiff performed her duties as a non-exempt, hourly paid sales advocate in Coral Springs, Broward County, Florida, which is within the jurisdiction of this Court.

2. Defendant is a Florida Corporation with its principal place of business in Davie, Broward County, Florida, which is with the jurisdiction of this Court.

3. Defendant, directly or indirectly acted in the interest of an employer toward Plaintiff including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

4. At all times pertinent to this Complaint, Defendant, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203 (r) and 203 (s).

5. At all times material to this Complaint, Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of the Defendant was in excess of $500,000.00 per annum at all times material hereto.

7. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

9. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendant, and in regard to Plaintiff in that the acts from which this lawsuit arise occurred in the Southern District of Florida, and, in particular, in Broward County, Florida.

## STATEMENT OF FACTS

10. Plaintiff worked as a non-exempt hourly paid sales advocate in one of Defendant's many Cricket Wireless locations.

11. From January 2015 through May 2015, Plaintiff earned between $8.25 and $8.75 per hour, and regularly worked 43-45 hours per week.

12. During this time period, Plaintiff was supervised by Ahmed Almaliki who often would require Plaintiff to work "off the clock." Specifically, Mr. Almaliki often required the

Plaintiff to clock-out so that she would not stay clocked in for more than forty (40) hours in a work week, but required her to stay at work and continuing working.

13. On one occasion when the Plaintiff stayed clocked-in for more than forty (40) hours in a workweek, Mr. Almaliki advised the Plaintiff that she was never to stay clocked in for more than forty (40) hours; otherwise her hours "would get cut."

14. Based on this fact, Plaintiff's time records do not accurately reflect the amount of hours she worked each week.

15. By reason of this systematic, intentional, and willful act of Defendant, Plaintiff was not compensated for any work that she completed "off the clock."

16. Further, Defendant had actual knowledge of Plaintiff's work done off the clock, but chose to disregard that knowledge under the guise that Plaintiff never reported these overtime hours.

17. This action arises from the ongoing improper action by the Defendant to willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay Plaintiff the wages legally due under the FLSA.

18. Plaintiff has retained Anidjar Auerbach Law to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

19. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff readopts and realleges the allegations contained in paragraph 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

22. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, plus incurred costs and reasonable attorney's fees.

23. As a result of the Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

**WHEREFORE,** Plaintiff, BETHANY METCALF demands judgment against Defendant, ALL-IN-ONE SOLUTIONS ENTERPRISE INC., for the payment of all overtime hours at one and one-half time her regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and proper, including trial by jury.

Dated: August 4th, 2015

        Respectfully submitted,

        **ANIDJAR AUERBACH LAW**

        */s/ Jacob K. Auerbach*____
        Jacob Auerbach, Esq.
        Fla. Bar No. 84003
        5521 N. University Drive – Suite 204
        Coral Springs, FL 33067
        T: 954.906.8228
        F: 844.270.6948
        E: Jacob@aalawllc.com